DEC 22 2022 AM 10:45
FILED-USDC-CT-NEW HAVEN

George Berka
57 Concord St.
Waterbury, CT 06710
(203) 206-2529 |
gberka57@comcast.net

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GEORGE BERKA, | Case No.: ___22cv1629___ |
| Plaintiff, | |
| vs. | COMPLAINT |
| NED LAMONT, GOVERNOR OF CONNECTICUT, (BOTH INDIVIDUALLY AND IN HIS OFICIAL CAPACITY), | |
| WILLIAM TONG, CONNECTICUT ATTORNEY GENERAL, (BOTH INDIVIDUALLY AND IN HIS OFICIAL CAPACITY), & | *Jury Trial Demand* |
| CITY OF MIDDLETOWN, | |
| Defendants | |

COMES NOW GEORGE BERKA, pro-se Plaintiff, and for cause of action states, alleges, and complains as follows:

## I.    PARTIES

1.1 George Berka, the Plaintiff, who currently resides in Waterbury, New Haven County, Connecticut, and is the owner of a two-family home at the center of this controversy, (hereafter known as "the property"), located at 5 Maple Place in Middletown, Connecticut.

1.2 Ned Lamont, the First Defendant, who is currently the Governor of the State of Connecticut, and whose office is located at 210 Capitol Avenue in Hartford, Hartford County, Connecticut.

COMPLAINT - 1

1.3 William Tong, the Second Defendant, who is currently the Attorney General of
    Connecticut, and whose office is located at 165 Capitol Avenue in Hartford, Hartford
    County, Connecticut.

1.4 The City of Middletown, the Third Defendant, (hereafter known as the "City"),
    which had ultimately issued to the Plaintiff a $25,200 blight fine regarding his above
    – mentioned "property", and whose City Hall is located at 245 DeKoven Drive in
    Middletown, Middlesex County, Connecticut.


## II.    JURISDICTION AND VENUE

2.1 Jurisdiction is proper in the United States District Court for the District of
    Connecticut because all parties reside or are located in Connecticut, because the
    subject property (5 Maple Place) associated with this action is located in Connecticut,
    and because a Constitutional Challenge under Rule 5.1 is being brought against
    Connecticut Practice Book Sec. 23-51(c) and any associated Connecticut statutes, if
    applicable.

2.2 Venue is proper in United States District Court for the District of Connecticut
    because the Plaintiff currently resides in Connecticut, and because the Defendants are
    also located in Connecticut.


## III.    FACTUAL BACKGROUND

3.1 On February 14th, 2018, then-Middletown Zoning Officer Michelle Ford had issued
    to the Plaintiff a blight citation for his property located at 5 Maple Place in
    Middletown, Connecticut, (available on line and upon request).

3.2 The Plaintiff had properly followed the procedure for appealing the blight citation,
    first, internally with the City, where a blight fine of $53,900 was assessed by the

COMPLAINT - 2

Citation Hearing Officer, and secondly, at the State of Connecticut Superior Court for the Judicial District of Middlesex, where he had received a de-novo hearing.

3.3  For this hearing, the Plaintiff had requested a jury trial (Docket #: MMX-CV18-5010856-S, Entry #: 105.00, available on line), which the City had moved to strike on October 30th, 2019, on the grounds that there is "no right to a jury trial in citation assessment appeals, pursuant to Connecticut Practice Book 23-51(c)", (Entry # 112.00).  On November 6th, 2019, the Court had granted the City's Motion, striking the Plaintiff's claim for a jury trial, (Entry # 112.10).  After the November 7th, 2019 hearing, the Court had upheld all but one of the alleged blight violations in the citation, and reduced the Plaintiff's fine from $53,900 to $25,200.

3.4  The Plaintiff, believing that he should have been eligible for a jury trial in a case where such a high fine was at stake, now files this Constitutional Challenge to Connecticut Practice Book Sec. 23-51(c), and any associated state statutes, if applicable, pursuant to F.R.C.P. Rule 5.1.

## IV.   ARGUMENT.

4.1  **Question Presented:** Should the Plaintiff have received a jury trial in a case where a $53,900 fine was at stake?  Since the title of Section 23-51 of the Connecticut Practice Book reads "Petition to Open *Parking* or Citation Assessment", it is interesting to note how these blight citations are grouped together with common parking tickets, which generally carry fines of around $20, and seldom more than $100.  Perhaps the authors here had these types of "small" citations in mind when writing this section, and it is understandable that they likely saw these small citations as "too trivial" to warrant a jury trial.  However, a $53,900 blight fine is a "far cry" from a $20 parking ticket!  Doesn't a case in which a person's home is on the line

COMPLAINT - 3

deserve a hearing before a jury?  After all, people are routinely granted jury trials for

far lesser matters.  The Plaintiff therefore asserts that this practice of disallowing jury

trials in municipal citations involving high fines violates the provisions of the all –

important, 4th and 5th Amendments to the Constitution, among others.  The 4th

Amendment, which states that, "The right of the people to be *secure* in their homes

and possessions shall not be violated," is infringed upon because the Middletown

blight ordinance effectively gives the City the ability to seize the Plaintiff's home via

unreasonably high blight fines, and a subsequent lien.  Then, the 5th Amendment,

which states that, "people shall not be deprived of life, liberty, or *property* without

due process of law, nor shall private property be taken without just compensation,"

is infringed upon for two reasons - firstly, because the blight ordinance enables the

City to simply take one's property without *any compensation whatsoever*, let alone

just compensation, and secondly, because Section 23-51(c) of the Connecticut

Practice Book effectively thwart one's access to the due process of law, by

disallowing jury trials for these municipal citations.  Hence, two important

constitutional provisions, (the 4th and 5th Amendments), are thus egregiously violated,

so this practice should not be permitted to continue any further.


4.2  **Nature of Relief Requested**: The Plaintiff hereby seeks to have Section 23-51 of the

Connecticut Practice Book (and any associated statutes, if applicable), amended to

allow for jury trials for municipal citations in cases with high fines, i.e., where the

fine at stake exceeds a certain minimum threshold, such as $1,000.  Also, since he

was himself denied a jury trial for a matter with a high fine at stake, the Plaintiff asks

that the subject blight citation that he received from the City be dismissed, and that

the associated fine be fully vacated.  If the Court opts to not grant this request, then

COMPLAINT - 4

the Plaintiff requests to at least be granted a de-novo hearing <u>before a jury</u> for his blight citation.  The Plaintiff makes this request in the general interest of justice, because he believes that defendants should have far greater rights (and legal options) in cases where the financial stakes are high, than in small parking citations.

4.3 **Severability**: The Plaintiff hereby asks that this Complaint be severable; i.e., if any portion or portions of this Complaint are found to be unenforceable, they will not automatically result in the dismissal of the entire Complaint, and the remaining portion or portions of the Complaint will still be permitted to go forward without them.

4.4 **Likelihood of Success on the Merits**:  The Plaintiff believes that he has demonstrated, beyond a reasonable doubt, that a gross injustice had occurred when he was denied a jury trial in a matter in which a $53,900 fine was at stake.  Since jury trials are frequently granted to people in matters where less money is at stake (such as personal injury cases), it would be just, fair, and proper to change Section 23-51 of the Connecticut Practice Book (and any associated statutes, if applicable), to permit jury trials for municipal citations that carry high fines, (i.e., in which a certain, minimum fine, such as $1,000 or more, is in question).

4.5 **Irreparable Harm**: The Plaintiff may face irreparable harm, in the form of the loss of his property, because he was improperly denied a hearing before a jury, for a matter that involved a high fine.  It would thus be just and reasonable to correct this injustice by dismissing this citation and vacating this fine for the Plaintiff, and by

COMPLAINT - 5

putting measures in place to insure that people are not denied jury trials for matters

involving high fines in the future.

4.6 **Balancing of the Equities:**  In cases such as these, the Court should exercise its

discretion in favor of the party "most likely to be injured".  In this case, the Plaintiff

stands to be injured because he faces the potential loss of his property.  On the other

hand, putting measures in place to insure that people are not denied jury trials for

matters involving high fines, would not unnecessarily burden the Connecticut justice

system, but may instead only bolster it.

## V.    CONCLUSION

5.1 In light of the above, the Plaintiff hereby asks this Court to dismiss the associated

municipal blight citation, to fully vacate the associated blight fine, and to modify

Section 23-51 of the Connecticut Practice Book (and any associated statutes, if

applicable), to allow for jury trials for municipal citations in cases where the fine at

stake exceeds a certain minimum threshold, such as $1,000.  If the Court opts to not

grant this request, then the Plaintiff requests to at least be granted a de-novo hearing

before a jury for his blight citation.  Granting the Plaintiff his above – requested relief

would help to safeguard the important protections of the 4th and 5th Amendments to

the Constitution, among others, which are currently believed to be egregiously

violated by this unjust practice of denying people jury trials for municipal citations in

which high fines are at stake.

COMPLAINT - 6

Dated this 22nd day of December, 2022.

By,

_George Berka_____
George Berka
Plaintiff, Pro-se

COMPLAINT - 7